

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

DAVID OROZCO,                            §

           Appellant,                  §

v.                                       §

THE STATE OF TEXAS,                      §

           Appellee.                   §

                       §

No. 08-19-00064-CR

Appeal from the

34th District Court

of El Paso County, Texas

(TC# 20180D00991)

## **O P I N I O N**

Appellant David Orozco was indicted for two counts of aggravated assault against a public servant and one count of evading arrest or detention with a motor vehicle. After the State rested its case-in-chief in the guilt phase of Orozco's jury trial, the State moved to dismiss the two aggravated-assault counts, and Orozco subsequently pleaded guilty to the remaining count of evading arrest or detention with a motor vehicle. Consequently, the jury then found Orozco guilty of the evading charge, and at the conclusion of a punishment phase in front of the same jury, the jury sentenced him to seven years' confinement. In two issues on appeal, Orozco argues that his trial counsel rendered ineffective assistance in the punishment phase of his trial by: (1) failing to move for a mistrial at one juncture in a witness's testimony and failing to move for an instruction to disregard at another juncture of the testimony; and (2) failing to present any mitigation evidence.

Without having benefit of a record containing trial counsel's explanation for actions or inactions, we hold that Orozco failed to prove any deficient performance and affirm the trial court's judgment.

## BACKGROUND

On the day of Mardi Gras in 2018, the El Paso Police Department established a heightened presence at the busy Cincinnati Street Entertainment District in an effort to manage the foot traffic of the large crowds and to generally patrol the area. Around 2 a.m., Orozco drove up to an intersection within the district in his Ford Mustang with its headlights off, and an officer attempted to get Orozco's attention by shining a flashlight at him. Orozco looked at the officer but accelerated towards the next intersection at an erratic speed. At that next intersection, Orozco ran the stop sign and forced some officers who were crossing the street to jump out of his way to avoid being hit. Officers in patrol units pursued Orozco's car, and a chase ensued.

During the course of this pursuit, Orozco ran another stop sign, crashed into a car carrying multiple occupants, spun out on the pavement, sped through a few intersections, jumped from his vehicle, and ran from police on foot. When he left his vehicle, it rolled downhill before hitting a brick wall. After continuing the chase on foot, the officers eventually arrested Orozco when they found him as he tried hiding next to a sleeping transient. When conducting an inventory search of Orozco's car, officers found marihuana and alcohol inside the vehicle.

During the punishment phase of trial, the State presented testimony from Abraham Guzman who identified himself as the driver of the car with multiple passengers that had been struck by Orozco. While questioning Guzman, the State attempted to elicit testimony regarding injuries suffered by his passengers as a result of the collision. At one juncture, the State asked Guzman

2

about injuries suffered by a female passenger, and Orozco's trial counsel objected on the bases of hearsay and speculation. The trial court sustained the objection and instructed the jury to disregard Guzman's testimony on that point. Trial counsel did not respond with a motion for mistrial. At another juncture, the State asked Guzman about injuries suffered by a male passenger, and trial counsel once again objected on the same bases. The trial court sustained this objection, as well. Trial counsel did not request an instruction to disregard.

Although Orozco's trial counsel cross-examined the State's punishment witnesses and obtained some mitigating concessions from these witnesses, counsel did not present any witnesses or evidence during the punishment phase of trial.

Following the trial court's sentence and entry of judgment, Orozco did not file a motion for new trial or otherwise introduce an affidavit from trial counsel through some other procedural vehicle. Orozco later filed this direct appeal.

## DISCUSSION

Orozco presents two issues for review in which he complains that trial counsel rendered ineffective assistance in the punishment phase of his trial. In his first issue, Orozco argues in a two-part complaint that trial counsel rendered ineffective assistance by: (1) failing to move for a mistrial after the trial court sustained counsel's hearsay objection and gave an instruction for the jury to disregard Guzman's testimony as to the injuries sustained by his female passenger; and (2) failing to move for an instruction to disregard after the trial court sustained counsel's hearsay objection on Guzman's testimony as to the injuries his male passenger sustained in the car. In his second issue, Orozco argues that trial counsel rendered ineffective assistance by failing to present any mitigating evidence in the punishment phase of trial. Among multiple alternative arguments

3

in the State's brief, the State responds that the record was not developed to the extent necessary for this Court to fully evaluate the merits of Orozco's claims where trial counsel was not given an opportunity to explain his choices at trial and where trial counsel may have had sound trial strategy for the complained-of decisions.

We address Orozco's three complaints together in a single analysis because we resolve them on the same basis.

### *Standard of Review*

To prevail on an ineffective-assistance-of-counsel claim, a defendant must show that: (1) counsel's performance fell below an objective standard of reasonableness; and (2) a reasonable probability exists that but for counsel's unprofessional errors the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). As with the guilt phase of trial, the standard for assessing ineffective assistance of counsel in the punishment phase is the two-pronged *Strickland* test. *See Wiggins v. Smith*, 539 U.S. 510, 521 (2003) (citing *Strickland*, 466 U.S. at 687). A defendant's failure to make either of the required showings defeats the claim of ineffective assistance. *Rylander v. State*, 101 S.W.3d 107, 110 (Tex. Crim. App. 2003).

The record must be sufficiently developed to overcome the strong presumption of reasonable assistance. *See id*. at 110-11. As recognized by the United States Supreme Court, the lack of any explanation in the record on direct appeal for trial counsel's actions or inactions often precludes any valid consideration of whether counsel's performance was deficient:

> If the alleged error is one of commission, the record may reflect the action taken by counsel but not the reasons for it. The appellate court may have no way of knowing whether a seemingly unusual or misguided action by counsel had a sound strategic motive or was taken because the counsel's alternatives were even worse. . . . The

4

trial record may contain no evidence of alleged errors of omission, much less the reasons underlying them.

*Massaro v. U.S.*, 538 U.S. 500, 505 (2003).

As a general rule, a silent record that provides no explanation for counsel's actions will not overcome the strong presumption of reasonable assistance with which we afford counsel's actions or inactions in our review of an ineffective-assistance claim. *See Rylander*, 101 S.W.3d at 110-11. Thus, we will assume a strategic motive if any can be imagined, and as a corollary, we will find counsel's performance deficient only if the conduct was so outrageous that no competent attorney would have engaged in it. *Andrews v. State*, 159 S.W.3d 98, 101 (Tex. Crim. App. 2005). Furthermore, we also note that trial counsel should ordinarily be given an opportunity to explain their actions before being denounced as ineffective. *Rylander*, 101 S.W.3d at 111.

### *Orozco has Failed to Overcome the Presumption of Reasonable Assistance where there is no Explanation for Trial Counsel's Choices in the Record*

In this case, we are presented with a record that is silent on any explanation as to why trial counsel made the particular decisions about which Orozco now complains on appeal.

Regarding the two alleged errors of commission in Orozco's first issue, this Court has "no way of knowing whether a seemingly unusual or misguided action by counsel had a sound strategic motive or was taken because the counsel's alternatives were even worse." *See Massaro*, 538 U.S. at 505. Thus, the record is not sufficiently developed to overcome the strong presumption of reasonable assistance with regard to these two alleged errors by trial counsel, and we hold that Orozco failed to prove trial counsel rendered deficient performance by failing to move for a mistrial or by failing to move for an instruction to disregard. *See Gomez v. State*, No. 08-10-00276-CR, 2012 WL 390970, at *9 (Tex. App. – El Paso Feb. 8, 2012, no pet.) (not designated for

5

publication); *Martinez v. State*, No. 08-98-00330-CR, 2000 WL 1476621, at *4 (Tex. App. – El Paso Oct. 5, 2000, pet, ref'd) (not designated for publication) (cases where this Court held that the defendant failed to prove deficient performance on his claim that counsel was ineffective for failing to move for a mistrial where the record was silent as to counsel's reason for not doing so and where various strategic reasons existed for such a decision); *see also Kirk v. State*, No. 14-14-00168-CR, 2015 WL 3524295, at *2 (Tex. App. – Houston [14th Dist.] June 4, 2015, no pet.) (mem. op., not designated for publication); *Molina v. State*, No. 05-05-01599-CR, 2006 WL 3218555, at *4 (Tex. App. – Dallas Nov. 8, 2006, pet. ref'd) (not designated for publication) (cases holding that the defendant failed to prove deficient performance on his claim that counsel was ineffective for failing to request an instruction to disregard at trial where there was no affidavit from counsel in the record to explain his actions and where the defendant therefore failed to overcome the strong presumption that counsel was effective).

And regarding the alleged error of omission in Orozco's second issue, this Court likewise faces the same obstacle of not being able to ascertain whether trial counsel's actions had a sound strategic motive or was taken because counsel's alternatives were worse. *See Massaro*, 538 U.S. at 505. Thus, the record is not sufficiently developed to overcome the strong presumption of reasonable assistance with regard to this alleged error either, and we hold that Orozco failed to prove that trial counsel rendered deficient performance by failing to present any mitigating evidence in the punishment phase of trial. *See Garza v. State*, 213 S.W.3d 338, 347-48 (Tex. Crim. App. 2007); *Jones v. State*, 572 S.W.3d 841, 851 (Tex. App. – Houston [14th Dist.] 2019, no pet.) (cases holding that the defendant failed to prove deficient performance on his claim that counsel was ineffective for failing to offer any mitigating evidence during the punishment phase of trial

6

where the record was silent on counsel's reasons for not doing so and where counsel's conduct could have been part of a reasonable trial strategy).

We recognize that some errors by trial counsel can constitute deficient performance even without an explanation in the record from counsel if such errors are so outrageous that no competent attorney would have engaged in them. *See Andrews*, 159 S.W.3d at 101. But trial counsel's decisions in this case not to move for a mistrial and not to move for an instruction to disregard do not belong to this exceptional category of errors because strategic reasons can be imagined for these decisions. *See Gomez*, 2012 WL 390970, at \*9; *Martinez*, 2000 WL 1476621, at \*4 (cases where this Court reasoned that various strategic reasons exist for not moving for a mistrial and that such a decision does not fall within the category of conduct so outrageous that no competent attorney would have engaged in it); *see also Kirk*, 2015 WL 3524295, at \*2 (reasoning that counsel's decision to not request an instruction to disregard was not one in which no competent attorney would have engaged because "counsel may have strategically determined that the likelihood of success, and its potential benefits, was outweighed by the potential of drawing further attention to the testimony"); *Molina*, 2006 WL 3218555, at \*4 (observing that it is possible counsel might not request an instruction to disregard because it would merely call jurors' attention to an incident at trial without truly curing the harm from it). Neither does a decision not to present any witnesses or evidence during the punishment phase of trial fall into this exceptional category. *See Garza*, 213 S.W.3d at 347-48 (reasoning that counsel's decision not to offer any mitigating evidence during the punishment phase of trial could have been part of a reasonable trial strategy); *Grundy v. State*, No. 05-90-00832-CR, 1991 WL 134592, at \*8 (Tex. App. – Dallas July 23, 1991, pet. ref'd) (not designated for publication) (recognizing multiple reasons why counsel's decision

7

not to call a defendant's mother, or other punishment-phase witnesses, could fall into the category of trial strategy and thus not constitute deficient performance).

Therefore, we overrule Orozco's first and second issues presented for review based on our holdings that he failed to show deficient performance on the silent record in this case, and we need not consider the prejudice component of his ineffective-assistance claims. *See Strickland*, 466 U.S. at 687; *Rylander*, 101 S.W.3d at 110.

## CONCLUSION

The trial court's judgment is affirmed.


GINA M. PALAFOX, Justice

April 3, 2020

Before Alley, C.J., Rodriguez, and Palafox, JJ.

(Do Not Publish)

8